[Civ. No. 7871. First Appellate District, Division One.—November 20, 1931.]

WEBER & BECKETT, INC. (a Corporation), Appellant, v. EARL LE CLAIR, Respondent.

Erwin C. Easton and Isla V. Davies for Appellant.

Albert J. O'Brien for Respondent.

TYLER, P. J.—Action for conversion.

Plaintiff is a dealer in new Chrysler automobiles in the city of Modesto. On October 1, 1929, one L. D. Moran visited plaintiff's place of business and purchased an automobile under a conditional sales contract. The price of the car was $1640. Moran paid $100 on account and in addition thereto gave to plaintiff as security two diamonds worth from $200 to $450. The balance of the purchase price was to be paid two days thereafter. The contract of sale and purchase reserved title in the seller. After inquiry concerning the financial standing of Moran, however, plaintiff signed a "Report of Sale by Registered Dealer" in the form required and in compliance with section 45½(b), chapter 752, page 1424, Statutes of 1927 of the laws of the state, and delivered it to Moran. This report of sale allowed on its face the legal and equitable ownership to pass to Moran. The following day Moran presented the report of sale to the motor vehicle department and there was issued to him the certificate of legal ownership, known as the pink slip. Moran immediately thereafter, for a valuable consideration, sold and delivered the car to one Earl Le Clair, a dealer in used automobiles, who is the defendant and respondent herein. After trial, the court found defendant to be an innocent purchaser for value and judgment went in his favor. Plaintiff appeals.

The question here presented is, does the evidence sustain the findings of the trial court? It is appellant's claim that, as the automobile was a new one and was sold at a

substantial reduction, the defendant was put on notice and was not a buyer in good faith and for value in the ordinary course of business. It is claimed that lack of good faith is further evidenced by the fact that defendant during a period of some three weeks had purchased eleven new cars from Moran below their list price. Other facts are relied on to support the claim that defendant was not an innocent purchaser. It is true that Moran had sold defendant numerous new cars prior to the one. in controversy, but the record fails to show that Moran was not the legal owner of the same. In our opinion there is no merit in the appeal. ▉ Appellant, by delivering to Moran the automobile and the report of sale which showed him as both registered and legal owner and which allowed him to obtain the *indicia* of ownership and thus perpetrate a fraud upon an innocent third person, is estopped from asserting his title. ▉ Nor does the evidence show, as claimed, that defendant was not a purchaser in good faith. On the contrary, the numerous prior transactions had by defendant with Moran, as above stated, were unquestioned. The case comes squarely within the rule announced in *Washington Lumber & Millwork Co.* v. *McGuire*, 213 Cal. 13 [1 Pac. (2d) 437], to the effect that where the seller of an automobile under a contract of conditional sale mistakenly indorses and delivers the certificate of ownership to the buyer, he is estopped as against an innocent purchaser to deny that he intended to transfer title.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.